UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THURMAN HILL,

    Plaintiff,                                     Case No. 13-CV-15257

vs.                                                HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED OCTOBER 31, 2014 (DKT. 16), (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 13), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 14), and (4) REMANDING THE CASE TO THE COMMISSIONER**

       This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Patricia T. Morris, issued on October 31, 2014 (Dkt. 16). In the R&R, the Magistrate Judge recommends granting Plaintiff's motion for summary judgment (Dkt. 13), denying Defendant's motion for summary judgment (Dkt. 14), and remanding the case to the Commissioner.

       The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Plaintiff's motion for summary judgment is granted (Dkt. 13), Defendant's motion for summary judgment is denied (Dkt. 14), and the case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.

SO ORDERED.

Dated: November 26, 2014
   Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2014.

s/Johnetta M. Curry-Williams
JOHNETTA M. CURRY-WILLIAMS
CASE MANAGER